T.C. Memo. 1998-12


UNITED STATES TAX COURT


EDDIE STRICKLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16557-95.                    Filed January 12, 1998.


Eddie Stricklin, pro se.

<u>David D. Choi</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined the following
deficiencies in, and additions to, petitioner's Federal income
taxes:[1]

---

[1]Unless otherwise noted, section references are to the
Internal Revenue Code in effect for the years in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

|  |  | Additions to Tax | |
| Year | Deficiencies | Sec. 6651(a)(1) | Sec. 6654 |
| --- | --- | --- | --- |
| 1989 | $4,352 | $ 893 | $235.79 |
| 1990 | 9,972 | 2,454 | 307.05 |

The issues for decision are as follows: (1) Whether petitioner received unreported income for the years in issue, as determined by respondent. We hold that he did. (2) Whether petitioner is liable for self-employment taxes under section 1401 for the years in issue. We hold that he is. (3) Whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely returns for the years in issue. We hold that he is. (4) Whether petitioner is liable for additions to tax under section 6654(a) for failure to make estimated tax payments for the years in issue. We hold that he is.

Some of the facts have been stipulated and are so found. We incorporate by this reference the stipulation of facts and attached exhibits. At the time of filing the petition, petitioner resided in Hammond, Indiana. During the years in issue, petitioner worked as a truck driver and earned income in that capacity. In 1989, petitioner was employed by the following companies and received W-2 income in the following amounts:

| | |
| --- | --- |
| Ray Cossette Trucking | $2,148 |
| Citywide Constructing | 554 |
| Bork Transport | 3,131 |
| Weston Corporation | 660 |

In 1990, petitioner was employed by and received W-2 income from Dana Transport totaling $753. In addition to the W-2 income received during 1989 and 1990, petitioner worked for and received income from Lighthouse Transport (Lighthouse) during both years. Petitioner had no other source of income during these years.

During the years in issue, petitioner resided in Chicago, Illinois, with his aunt to whom he paid rent in the amount of approximately $200 per month. Petitioner gave money to his 17-year-old daughter who was not living with him and also paid his own living expenses, which included the cost of food, clothing, recreation, gasoline, and car insurance. In addition, petitioner paid lodging expenses for stays in motels between six and eight times a month. Petitioner had no checking or savings accounts during the years in issue.

In 1991, petitioner was employed by Dana Transport from which he received somewhere between $30,000 and $40,000 in W-2 income during the taxable year.

On February 6, 1992, petitioner was involved in a traffic accident resulting in a fire in his truck in which all of his then-existing records were destroyed.

Respondent mailed a notice of deficiency to petitioner with respect to 1989 and 1990 on June 28, 1995. Because petitioner did not file income tax returns for these years, the notice of deficiency was based upon substitute returns prepared by respondent. In the notice of deficiency, respondent determined

that the income received from Ray Cossette Trucking, Citywide Constructing, Bork Transport, and Weston Corporation in 1989 and from Dana Transport in 1990 constituted W-2 income that was not reported.  In addition to the W-2 income, respondent determined that petitioner had Schedule C gross receipts of $14,790 in 1989 and $34,320 in 1990 that were not reported.  The deficiency notice further determined that petitioner was liable for self-employment taxes on the Schedule C gross receipts in the amounts of $1,926 for 1989 and $4,849 for 1990.  The notice did not identify the source of the Schedule C gross receipts, or otherwise disclose how these income determinations were made.

Petitioner admits receiving all of the W-2 income determined in the notice of deficiency.  However, petitioner disputes the $14,790 and $34,320 amounts determined by respondent to be Schedule C gross receipts in 1989 and 1990, respectively. Petitioner has stipulated that he worked for Lighthouse as a truck driver during these years and received income as a result, but contends that he received less than the amounts determined by respondent to be Schedule C gross receipts.  Specifically, petitioner testified that he received approximately $3,000 by check from Lighthouse in 1989, but that Lighthouse's checks thereafter began to bounce, and he insisted on payment in cash for the rest of 1989 and all of 1990.  These payments were made on a commission basis by which petitioner received a percentage of the price paid to Lighthouse for each truckload or delivery he

made on the company's behalf.  Petitioner testified that he "didn't keep track" of the amounts received from Lighthouse and did not have "any idea" how much cash he received from the company.  Nonetheless, he contends, it was less than the amounts determined by respondent.

Although respondent made a determination in the deficiency notice that petitioner had received and not reported Schedule C gross receipts in the amounts previously noted, neither party produced a Form 1099 or any other evidence to document the precise amount of the payments from Lighthouse to petitioner. Petitioner did not keep any record of the amount of cash he received from Lighthouse, concedes that he did not file Federal income tax returns containing estimates of the amounts received, and was unable to make an estimate of these amounts at trial. However, petitioner's own testimony and stipulations link him to an income-generating activity and to the receipt of Schedule C gross receipts that were not reported.  Other than his unsubstantiated assertion that the specific amounts are too great, petitioner has produced no evidence that the Schedule C gross receipts determined in the notice of deficiency were erroneous.  Respondent provided evidence that petitioner incurred significant expenses during the years in issue and had no other source of income beyond the W-2 income (totaling $6,493 for 1989, $753 for 1990) and whatever amounts he received from Lighthouse. In addition, respondent elicited testimony from petitioner that

he earned between $30,000 and $40,000 from his truck driving activities in 1991, the year immediately following the 2 years in issue. This evidence from 1991 indicates that petitioner was capable of earning from truck driving the amounts determined by respondent to be unreported gross receipts in the years in issue.

The Court of Appeals for the Seventh Circuit has made clear in this context that, in order for a deficiency determination to be entitled to the presumption of correctness, it need not pinpoint the exact amount of the deficiency. Rather, the determination need only be rationally based.

> It is significant that we have described the necessary showing as "arbitrary and erroneous," not just "erroneous." As the Eighth Circuit has observed in a related context, the Commissioner's "assessment is intended to be an estimate. It is expected to be rational not flawless." [Pittman v. Commissioner, 100 F.3d 1308, 1317 (7th Cir. 1996), affg. T.C. Memo. 1995-243; citations omitted.]

Because there is sufficient predicate evidence to support the deficiency determination, we conclude that the unreported Schedule C gross receipts determinations made by respondent are not arbitrary and erroneous or without rational foundation.

Section 6001 requires a taxpayer to maintain adequate records supporting the amount of gross income, deductions, credits, and other matters required to be shown on his income tax return. See sec. 1.6001-1(a), Income Tax Regs. We find that petitioner failed to keep adequate records relating to his cash receipts from Lighthouse as required by section 6001. Petitioner

concedes that he did not keep track of the cash he received from Lighthouse and was unable to provide even an estimate of the amounts received from, or the number of deliveries made on behalf of, the company. Even accepting petitioner's contention that he kept all of his records in his truck and that they were destroyed when the truck burned in an accident in 1992, we do not believe this affects the result in this case, in light of petitioner's concession that he did not keep any record of the cash he received from Lighthouse in 1989 and 1990. Accordingly, we conclude that petitioner has failed to meet his burden of proving that the amounts of unreported Schedule C gross receipts determined by respondent for the years in issue are erroneous. Therefore, we sustain respondent's determinations, which were based upon income-producing activities that petitioner concedes occurred and which bear a rational relationship to amounts that petitioner concedes he earned from similar income-producing activities in the immediately subsequent year.

Respondent also determined that petitioner is liable for self-employment taxes pursuant to section 1401 of $1,926 for 1989 and $4,849 for 1990. Section 1401 imposes a tax on self-employment income, which consists of the gross income derived from any trade or business carried on by the taxpayer less allowable deductions attributable to such trade or business. Sec. 1402(a). Respondent's determination that petitioner is liable for self-employment tax on his Schedule C gross receipts

is presumed correct, and petitioner bears the burden of proving that it is erroneous.  Rule 142(a); Siebert v. Commissioner, T.C. Memo. 1997-6.  Petitioner has failed to produce any evidence on the issue of his liability for self-employment taxes.  Therefore, we sustain respondent's determination that petitioner is liable for self-employment taxes for 1989 and 1990.

The last issues to be addressed concern whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654(a) proposed by respondent.  Section 6651(a)(1) provides an addition to tax for failure to file a Federal income tax return by its due date (determined with regard to extensions), unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect.  The taxpayer bears the burden of proving both.  United States v. Boyle, 469 U.S. 241, 245 (1985). A showing of reasonable cause requires that the taxpayer demonstrate that he exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, supra at 246.

Petitioner stipulated that he did not file individual income tax returns for the years 1989 and 1990 but claims to have reasonable cause because of the destruction of his records in the truck accident previously discussed.  However, the destruction of his records in February 1992 does not constitute reasonable cause for failing to file returns for 1989 and 1990, which were due on

April 15, 1990, and April 15, 1991, respectively.  Therefore, we find that petitioner has failed to show reasonable cause and is liable for the addition to tax under section 6651(a)(1) for each of the years in issue.

As to the addition to tax for failure to pay estimated tax pursuant to section 6654(a), no relief is available unless petitioner shows that he falls within an exception provided under section 6654(e).  Petitioner has failed to make such a showing and therefore is liable for the addition to tax under section 6654(a) for each of the years in issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.