T.C. Summary Opinion 2008-114


UNITED STATES TAX COURT


DENNIS WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26652-06S.            Filed September 4, 2008.


Dennis Wilson, pro se.

<u>Elizabeth R. Proctor</u>, for respondent.


LARO, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Subsequent section references are to the Internal Revenue Code in effect for

2004, the taxable year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner petitioned the Court to redetermine respondent's determination of a $3,896 deficiency in petitioner's 2004 Federal income tax. The deficiency relates solely to the parties' dispute as to whether petitioner received $27,574 from his company, Enduroglas L.L.C. (Enduroglas), as compensation or as a partial repayment of a loan. We agree with respondent that petitioner received the $27,574 as compensation.

## Background

Some facts were stipulated. We incorporate by reference the parties' stipulation of facts and the exhibits submitted therewith. Petitioner resided in Michigan when the petition commencing this proceeding was filed.

Petitioner filed a 2004 Form 1040, U.S. Individual Income Tax Return, that included a Schedule C, Profit or Loss From Business. Petitioner reported on his Schedule C that he had a sole proprietorship that had received $27,573 of gross receipts during 2004 and had realized a net profit of the same amount.[1] Petitioner did not report any self-employment tax on his return as to that net profit. Enduroglas had reported to petitioner

---

[1] The gross receipts were actually $27,573.67. While petitioner apparently reported the $27,573 by rounding the actual amount down to the nearest dollar, we join respondent in rounding the actual amount to the nearest dollar; i.e., $27,574.

(and to respondent) on a 2004 Form 1099-MISC, Miscellaneous Income, that it had paid petitioner $27,573.67 of nonemployee compensation during 2004. During 2004, petitioner and 10 other individuals were the owners of Enduroglas, and petitioner rendered significant services on behalf of Enduroglas with the understanding that he would be paid for those services.

On October 30, 2006, respondent issued petitioner the subject notice of deficiency stating that petitioner was liable for $3,896 of self-employment tax as to the net profit of $27,574. When petitioner received the $27,574 from Enduroglas, Enduroglas owed petitioner a debt of a considerably greater amount. After receiving the notice of deficiency, petitioner was informed that it would have been most advantageous to him from a tax point of view to have characterized the $27,574 as a partial repayment of that debt instead of as a payment of compensation for services rendered to Enduroglas. Petitioner subsequently caused Enduroglas to issue to him a "CORRECTED" 2004 Form 1099-MISC stating that Enduroglas had not paid him any nonemployee compensation during 2004.

On March 24, 2007, petitioner mailed to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, which reduced petitioner's adjusted gross income by $27,574 and contained this explanation: "The 1099 the taxpayer received for $27,574.00 was incorrect and should have not been issued. A corrected one was

sent in and the amount is $0". Similarly, the claim for relief in petitioner's amended petition states:

> I received a 1099-MISC in 2004 for $27,573.67, received from Enduroglas LLC. The 1099-MISC was issued in error because Enduroglas LLC owed me nearly $50,000 in loans that have not been repaid to date. The $27,573.67 should have been a repayment of loan instead of compensation. The 1099-MISC has since been corrected to $0.00. My 2004 1040 is being revised to reflect the corrected 1099-MISC.

## Discussion

The burden of proof is on petitioner to show that respondent's determinations set forth in the notice of deficiency are incorrect. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Stricklin v. Commissioner, T.C. Memo. 1998-12 (stating that "Respondent's determination that petitioner is liable for self-employment tax on his Schedule C gross receipts is presumed correct, and petitioner bears the burden of proving that it is erroneous"). In certain cases, the burden of proof on a factual issue relevant to ascertaining a taxpayer's income tax liability may shift to the Commissioner if the taxpayer introduces credible evidence with respect to that issue. See sec. 7491(a)(1); see also Higbee v. Commissioner, 116 T.C. 440-441 (2001). However, such is not the case here where petitioner has neither alleged that the burden of proof should be shifted under section 7491(a)(1) nor established that he has met the requirements under section 7491(a)(2) for such a shifting. See Hubert Enters., Inc. & Subs. v. Commissioner, 125 T.C. 72, 91

n.6 (2005), affd. in part, vacated in part, and remanded on another issue 230 Fed. Appx. 526 (6th Cir. 2007); <u>Cameron v. Commissioner</u>, T.C. Memo. 2007-260; <u>Avery v. Commissioner</u>, T.C. Memo. 2007-60.

The tax law concerning the characterization of a payment as compensation is clear and provides that whether amounts are paid as compensation depends on the intent of the payor at the time the payment was made. See, e.g., <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 92 (2000), affd. 299 F.3d 221 (3d Cir. 2002); <u>Paula Constr. Co. v. Commissioner</u>, 58 T.C. 1055, 1058-1059 (1992), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973). Enduroglas reported on the Form 1099-MISC that it first issued to petitioner that it had paid him $27,574 of nonemployee compensation during 2004, and petitioner reported the payment as such on his 2004 Schedule C. Petitioner now claims that the payment should be considered a repayment as part of Enduroglas's debt to him. The facts of this case do not support that claim. Enduroglas paid the $27,754 to petitioner intending that the payment be characterized as compensation and petitioner by his own admission now aspires to recharacterize the payment as a repayment of debt only because he has since been informed that such a recharacterization would be most advantageous to him only because of the perceived tax advantages. While petitioner may have been free in the first instance to characterize the $27,754

as a repayment of that debt, he is now not free to recharacterize the $27,754 as a repayment of debt.  See <u>Boulware v. United States</u>, 128 S. Ct. 1168, 1176 n.7 (2008) (and the cases cited thereat).

Given that the record supports the conclusion that the $27,574 payment made from Enduroglas to petitioner was intended at the time of payment to compensate petitioner for services performed, we hold as determined by respondent that petitioner is liable for the self-employment tax that applies to that payment. We have considered all arguments by petitioner for a contrary holding and have concluded that those arguments not discussed herein are irrelevant or without merit.  Accordingly,

<u>Decision will be entered for respondent.</u>