T.C. Memo. 1996-107


UNITED STATES TAX COURT


JOHN PRYOR GREEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18712-94.          Filed March 7, 1996.


John Pryor Green, pro se.

Bruce G. Warner, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, Judge:  John Pryor Green petitioned the Court with respect to respondent's determinations concerning his 1987 through 1992 Federal income taxes.  Respondent determined that petitioner was liable for the following deficiencies and additions thereto:

| Year | Deficiency | Additions to Tax | |
| --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1987 | $4,221 | $1,055 | $227 |
| 1988 | 3,750 | 938 | 241 |
| 1989 | 5,826 | 1,457 | 397 |
| 1990 | 5,587 | 1,397 | 367 |
| 1991 | 4,099 | 1,025 | 235 |
| 1992 | 4,109 | 1,027 | 180 |

Following concessions, we must decide:

1.  Whether certain amounts paid to petitioner during the subject years were taxable income.  We hold they were.

2.  Whether petitioner is subject to self-employment tax on these amounts.  We hold he is.

3.  Whether petitioner is liable for the additions to tax for delinquency determined by respondent under section 6651(a)(1).  We hold he is.

4.  Whether petitioner is liable for the additions to tax for underpayments of estimated tax determined by respondent under section 6654.  We hold he is.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein.  Petitioner resided in Miami, Florida, when he petitioned the Court.  He did not file income tax returns for any of the subject years, and he did not make any estimated

payments for those years. Petitioner was unmarried during the subject years.

Petitioner is a court reporter. In 1987, he was engaged by Patterson Reporting (Patterson), and Patterson paid him $18,165 for these engagements. Patterson issued petitioner a Form 1099-EC, Nonemployee Compensation, showing that it paid him this amount. During the 1988 through 1992 taxable years, petitioner was engaged by Metro-Dade County (Metro), and Metro paid him for these engagements. Petitioner received Forms 1099-NEC from Metro, showing that Metro paid him $12,557 in 1988; $22,659 in 1989; $22,111 in 1990; $8,282 in 1991; and $6,508 in 1992. During the 1989 and 1990 taxable years, petitioner was engaged by the State of Florida, and the State paid him for these engagements. Petitioner received Forms 1099-NEC from the State showing that it had paid him $858 in 1989 and $631 in 1990.

During each of the subject years, petitioner was required to (and did) furnish his own supplies. He was required to furnish most of his own equipment when he went out on assignment. He did his own transcribing and typing.

Respondent determined that petitioner did not file an income tax return for any of the subject years, and she computed his tax liability for those years. First, respondent determined that petitioner had received the income reported on the Forms 1099-NEC. Second, she referred to the Bureau of Labor Statistics and determined that he had received additional amounts of taxable

income in 1988, 1991, and 1992.  Third, she determined that he was liable for self-employment tax on all of his unreported income.  Fourth, she determined that he could deduct the standard deduction for each year, and that he could deduct one-half of his self-employment tax for 1990, 1991, and 1992.  Fifth, she determined that his filing status was "Single", and that he was entitled to one exemption.  Sixth, she determined that he was liable for the additions to tax mentioned above.

OPINION

1.  Taxable Income

Respondent determined that the amounts listed on the Forms 1099-NEC were includable in petitioner's gross income.  She also referred to the Bureau of Labor Statistics, and determined that petitioner received additional taxable income in 1988, 1991, and 1992.  In his opening argument at trial, respondent's counsel conceded the adjustments based on the labor statistics.

At the outset, we note that we need not, and do not, reach the issue involved in Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68, because petitioner has not challenged the accuracy of the Forms 1099-NEC issued to him.  As we understand petitioner's argument, he performed his court reporting assignments as an employee of Patterson, Metro, and the State of Florida, and he was not an independent contractor as determined by respondent.

Petitioner must prove respondent wrong. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Whether an employee-employer relationship exists in a given situation is a factual question to which common law principles apply. <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 323 (1992); <u>Weber v. Commissioner</u>, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Factors that are relevant in determining the substance of an employment relationship include: (1) The degree of control exercised by the principal over the details of the work; (2) the taxpayer's investment in the facilities used in his or her work; (3) the taxpayer's opportunity for profit or loss; (4) the permanency of the relationship between the parties; (5) the principal's right of discharge; (6) whether the work performed is an integral part of the principal's regular business; (7) the relationship the parties believe they are creating; and (8) the provision of employee benefits. <u>NLRB v. United Ins. Co.</u>, 390 U.S. 254, 258 (1968); <u>United States v. Silk</u>, 331 U.S. 704, 716 (1947); <u>Professional & Executive Leasing, Inc. v. Commissioner</u>, 862 F.2d 751 (9th Cir. 1988), affg. 89 T.C. 225 (1987); <u>Weber v. Commissioner</u>, <u>supra</u> at 387; see also sec. 31.3121(d)-(1)(c)(2), Employment Tax Regs. (setting forth criteria for identifying employees under the common law rules). No single factor is dispositive; the Court must assess and weigh all incidents of the relationship. <u>Nationwide Mut. Ins. Co. v. Darden</u>, <u>supra</u> at 324.

The factors are not weighed equally; they are weighed according to their significance in the particular case. <u>Aymes v. Bonelli</u>, 980 F.2d 857, 861 (2d Cir. 1992).

Petitioner has not attempted to prove respondent's determination wrong. Instead, petitioner appears to argue that he is an employee because the state of the law concerning the employment status of court reporters is amorphous. Petitioner refers the Court to a number of revenue rulings concerning court reporters, which come to different conclusions as to a court reporter's employment status. Petitioner primarily relies on Rev. Rul. 70-528, 1970-2 C.B. 204, in which the Commissioner ruled that services performed by court reporters and their deputies appointed by the Governor under the Florida Statutes Annotated are excepted from "employment" under the provisions of section 3121(b)(7) of the Federal Insurance Contributions Act and section 3306(c)(7) of the Federal Employment Tax Act.

We are not persuaded by petitioner's argument. Revenue rulings are based on specific fact patterns. Petitioner has not proven that he falls within the specific facts of any of the Commissioner's rulings concerning court reporters. Indeed, petitioner has told us very little about himself, except for the facts that: (1) He was a court reporter who was paid for his engagements, (2) he was required to (and did) furnish his own supplies; (3) he was required to furnish most of his own

equipment, (4) he did his own transcribing and typing, and (5) he was issued Forms 1099-NEC.

Because the record does not show that petitioner was an employee, we hold for respondent on this issue.[1]  Accord <u>Ekren v. Commissioner</u>, T.C. Memo. 1986-509; <u>Moore v. United States</u>, 54 AFTR 2d 84-5410, 84-1 USTC par. 9510 (E.D. Cal. 1984).

## 2.  Self-Employment Tax

A self-employment tax is imposed on net earnings of $400 or more from self-employment income, subject to a maximum amount of self-employment income.  Secs. 1401 and 1402(b).  The term "self-employment income" means income derived from carrying on a trade or business, less allowable deductions.  Sec. 1402(a) and (b).

We hold that petitioners's income is subject to the self-employment tax.  Petitioner has not proven otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115.

## 3.  Additions to Tax Under Section 6651(a)(1)

Respondent determined an addition to tax under section 6651(a) for each year in issue, asserting that petitioner failed to file Federal income tax returns.  In order to avoid this addition to tax, petitioner must prove that his failure to file was:  (1) Due to reasonable cause and (2) not due to willful

---

[1] Even if we were to agree with petitioner that he was an employee, his gross income would still include the amounts that he received from Patterson, Metro, and the State of Florida. Sec. 61(a).

neglect.  Sec. 6651(a); Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>In re Stanford</u>, 979 F.2d 1511, 1512 (11th Cir. 1992).  A failure to file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return within the prescribed time.  <u>In re Stanford</u>, <u>supra</u> at 1514; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure or reckless indifference.  <u>United States v. Boyle</u>, <u>supra</u> at 245.

As we understand petitioner's argument, he did not file income tax returns due to an absence of forms pertaining to his situation.  Petitioner testified that he did not want to swear under oath that his return was correct because he would be committing perjury by stating that he was an independent contractor.  We find this argument unpersuasive.  Because petitioner has failed to prove that his failure to file was due to reasonable cause and not due to willful neglect, we sustain respondent on this issue.

## 4.  Additions to Tax Under Section 6654

Respondent determined an addition to tax under section 6654 for each year in issue asserting that petitioner failed to pay estimated tax.  This addition to tax is mandatory unless petitioner proves that he has met one of the exceptions contained in section 6654.  <u>In re Stanford</u>, <u>supra</u> at 1514; <u>Recklitis v.</u>

<u>Commissioner</u>, 91 T.C. 874, 913 (1988).  Because petitioner has failed to do so, we sustain respondent on this issue.

For the foregoing reasons,

<u>Decision will be entered under Rule 155</u>.