T.C. Memo. 2006-57


UNITED STATES TAX COURT


KAREN McMANUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13540-04.              Filed March 27, 2006.


<u>Philip A. Putman</u>, for petitioner.

<u>Monica Gingras</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 1996 of $3,548 as well as additions to tax under section 6651(a)(1) of $887 and section 6654 of $189.[1]

_____

[1] Unless otherwise indicated, all section references are to
(continued...)

The issues for decision are: (1) Whether petitioner received $15,800 of unreported income in 1996 as respondent determined; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.

## FINDINGS OF FACT

Petitioner resided in La Habra, California, when she filed the petition.

Petitioner failed to file a Federal income tax return and failed to pay Federal income taxes for the 1996 tax year. On the basis of third-party information, on April 28, 2004, respondent issued a notice of deficiency to petitioner for the 1996 tax year setting forth unreported non-employee income of $15,800.

Petitioner timely filed a petition with the Court on July 29, 2004, disputing that she received unreported nonemployee income in 1996. Trial was held on this matter on March 17, 2005. Although petitioner did not appear, her counsel did. Petitioner's counsel did not introduce witnesses nor provide documentary evidence to support petitioner's position. However, petitioner's counsel did cross-examine respondent's sole witness.

During trial, respondent called one witness, Pam Wong, a tax compliance officer employed by respondent. Ms. Wong's testimony was based solely upon her memory of reviewing petitioner's

---

[1](...continued)
the Internal Revenue Code, as amended. Amounts are rounded to the nearest dollar.

Internal Revenue Service administrative file, but the administrative file was not introduced into evidence.

According to the version of events presented by respondent at trial, Ms. Wong had no involvement in or knowledge of this case outside of reviewing petitioner's administrative file for the purpose of testifying. On the basis of this review, Ms. Wong testified respondent began investigating petitioner when Heath & Associates reported it paid petitioner non-employee compensation of $15,800 in 1996 and no corresponding return was filed by petitioner in 1996. To determine whether petitioner filed a return under another name, respondent sent petitioner an initial contact letter, to which petitioner failed to respond.

Ms. Wong further testified respondent prepared a substitute for return and sent a 30-day letter and a no-response report to petitioner, to which she did not respond. Next, respondent issued a statutory notice of deficiency for tax year 1996 to petitioner based upon the compensation paid to her by Heath & Associates.

During cross-examination as well as direct, Ms. Wong's responses appeared evasive. It was also readily apparent she was unfamiliar with the case and unprepared to provide any insight outside of what she could recall from reading the file.

Furthermore, respondent did not provide documentary evidence to support Ms. Wong's testimony or to show compensation was paid

to petitioner by Heath & Associates.  At one point during cross-examination, Ms. Wong admitted she had no documentary evidence to support her statements.

Finally, respondent informed the court he was unable to obtain the third-party records from Heath & Associates because the company had ceased to exist.  Thus, any evidence concerning moneys paid by Heath & Associates to petitioner was based solely upon the notice of deficiency and the memory and credibility of Ms. Wong.

                              OPINION

Petitioner asserts she is not liable for the deficiency and the additions to tax respondent determined because:  (1) Respondent failed to meet the burden of producing evidence that petitioner earned unreported income of $15,800 in 1996; (2) respondent failed to meet the burden of producing evidence that petitioner is liable for additions to tax.

The Court of Appeals for the Ninth Circuit has determined that in order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate the taxpayer received unreported income, Edwards v. Commissioner, 680 F.2d

1268, 1270 (9th Cir. 1982); Malfatti v. Commissioner, T.C. Memo. 2005-19.  A deficiency determination which is not supported by some evidentiary foundation is arbitrary and erroneous. Weimerskirch v. Commissioner, supra at 362.  Under such circumstances, the Commissioner has the burden of coming forward with evidence to establish the existence and amount of any deficiency.  Jackson v. Commissioner, 73 T.C. 394, 401 (1979).

Respondent incorrectly relies upon Hardy v. Commissioner, 181 F.3d 1002 (9th Cir. 1999), affg. T.C. Memo. 1997-97, for the proposition that a revenue agent's testimony, based upon a review of a taxpayer's administrative file, and a copy of the taxpayer's notice of deficiency, identifying the third-party payor, satisfy the needed evidentiary foundation demonstrating that the taxpayer received unreported income.

In Hardy v. Commissioner, supra at 1005, the Court of Appeals for the Ninth Circuit found the Commissioner was relieved from producing third-party income statements to prove a taxpayer's receipt of income because the taxpayer stipulated the Commissioner received the statements.  Therefore, the evidentiary foundation requirement was satisfied when the Commissioner introduced worksheets showing tax owed on the basis of third-party information and bank statements, in combination with the parties' stipulating the Commissioner's receipt of the third-party information.  Id.

Petitioner did not stipulate respondent's receipt of third-party information from Heath & Associates. In addition, the respondent was unable to provide any documentary evidence from Heath & Associates establishing that income, of any amount, was paid to petitioner. Outside of Ms. Wong's unconvincing testimony, respondent presented no evidence proving petitioner received any income in 1996.

Although the Court of Appeals for the Ninth Circuit has not defined "some evidentiary foundation", this Court finds that the notice of deficiency and the revenue agent's testimony, based upon review of the administrative file for the purpose of testifying, without simultaneously providing the administrative file to the Court, is an insufficient foundation. Respondent failed to provide adequate evidence linking petitioner with the receipt of income from Heath & Associates. Therefore, the Court concludes petitioner is not liable for a deficiency of $3,548 for 1996. On the basis of the foregoing, petitioner is not liable for additions to tax under sections 6651(a)(1) and 6654.

The Court, in reaching its holding, has considered all arguments made and concludes that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for petitioner.