T.C. Memo. 2006-129

UNITED STATES TAX COURT

DIANA COTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12502-04.                Filed June 21, 2006.

<u>Philip A. Putman</u>, for petitioner.

<u>Gavin L. Greene</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax of $176,428 for 1999 and additions to tax of $55,249.74 under section 6651(a) and $6,479.40 for failure to pay estimated tax under section 6654.[1]

---

[1]  Section references are to the applicable versions of the
                                        (continued...)

After concessions by respondent, the issues for decision are (1) whether petitioner had unreported income in the amounts determined by respondent, (2) whether petitioner is liable for a 10-percent additional tax on early distributions from her individual retirement accounts (IRAs), (3) whether petitioner is liable for the addition to tax determined by respondent under section 6651(a)(1), and (4) whether the Court should impose a penalty against petitioner pursuant to section 6673.

## FINDINGS OF FACT

Some facts have been stipulated and are so found. When the petition was filed, petitioner resided in Cobb, California.

In 1999, petitioner received gains of $16,194 from the sale of securities through National Financial Services, gains of $90,039 from the sale of securities through OppenheimerFunds Services, income of $5,936 from the Social Security Administration, dividends of $50 from National Financial Services, dividends of $1,827 from OppenheimerFunds Services, interest of $210 from the Rhode Island State Employees Credit

---

(...continued)
Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts have been rounded.

Respondent stated in the explanation of income tax examination changes attached to the notice of deficiency that petitioner was liable for additions to tax of $27,321.30 for failure to file under sec. 6651(a)(1) and $27,928.44 for failure to pay tax under sec. 6651(a)(2), totaling $55,249.74. Respondent concedes that petitioner is not liable for the additions to tax under sec. 6651(a)(2).

Union, interest of $116 from the Xerox Federal Credit Union, distributions from an IRA of $179,558 from OppenheimerFunds Services, distributions from an IRA of $3,407 from Delaware Service Company, and distributions from an IRA of $129,064 from Franklin Templeton Investor Services. Petitioner's basis in the securities sold through OppenheimerFunds Services was $100,000. During 1999, petitioner was under the age of 55, and she did not receive the distributions from any of her IRAs as a result of becoming disabled. Federal income tax of $55,000 was withheld from her income for 1999.

Petitioner did not file a Federal income tax return for 1999. Respondent has no record that petitioner filed a tax return for 1999, and petitioner has never disputed respondent's assertion that petitioner failed to file a tax return for 1999. Respondent issued a notice of deficiency on April 7, 2004, and determined the above-stated deficiency and additions to tax. Petitioner timely filed a petition disputing the determinations.[2]

Petitioner failed to submit to the Court a pretrial memorandum as required by the Court's standing pretrial order.

---

[2] On July 12, 2004, the Court filed as a petition a letter received from petitioner. By an order dated July 19, 2004, the Court directed petitioner to file an amended petition complying with the Rules of the Court as to form and content of a proper petition by Sept. 2, 2004. Despite issuance by the Court of several orders to petitioner in the ensuing months, petitioner did not submit an amended petition to the Court until May 24, 2005.

At calendar call, petitioner did not appear, but the Court had before it and granted petitioner's motion for a trial time and date certain.  At trial, petitioner did not personally appear but was represented by counsel.  Petitioner's counsel did not introduce any evidence on petitioner's behalf at trial and failed to file a posttrial brief following the trial.

OPINION

1.  Unreported Income

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]  In order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate that the taxpayer received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) (Commissioner's assertion of a

-----

[3]  Pursuant to sec. 7491(a), the burden of proof as to factual matters shifts to respondent under certain circumstances. Petitioner has neither alleged that sec. 7491 applies nor established her compliance with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

deficiency is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income).  McManus v. Commissioner, T.C. Memo. 2006-57; see also Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) ("The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation.").  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.  Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

We conclude that respondent has shown a sufficient evidentiary foundation as to the unreported income determined in the notice of deficiency.  Respondent has introduced, and we have admitted, into evidence certified transcripts listing the amount of income that third parties have represented to respondent as having been paid to petitioner, and petitioner makes no challenge to the accuracy of these transcripts.  See Green v. Commissioner, T.C. Memo. 1996-107, affd without published opinion 113 F.3d 1251 (11th Cir. 1997).  Respondent also has introduced, and we have admitted, into evidence records of OppenheimerFunds Services and Franklin Templeton Investor Services.  The records show that

during 1999, OppenheimerFunds Services (1) distributed $179,558 to petitioner from one of petitioner's retirement accounts and (2) received on petitioner's behalf $1,827 of dividends and $90,039 from the sale of stock. The records also show that during 1999, Franklin Templeton Investor Services distributed $129,074 to petitioner from another of petitioner's retirement accounts.[4] The records of these two entities support the lion's share of unreported income determined by respondent, and we hold that respondent has sufficiently linked petitioner to the unreported income. See Hardy v. Commissioner, supra at 1005; cf. McManus v. Commissioner, supra (sufficient link not found in absence of adequate evidentiary foundation). Given petitioner's failure to disprove respondent's determination of unreported income, as modified through concessions, we sustain the determination as modified.

2. 10-Percent Additional Tax on Early Distributions From IRAs

Section 72(t) generally provides that a taxpayer is liable for a 10-percent additional tax on early distributions from a qualified retirement plan such as an IRA. See also sec. 4974(c)(4). In 1999, petitioner received taxable distributions of $312,029 from her IRAs; of this amount, respondent concedes that $3,407 was not subject to the 10-percent additional tax.

---

[4] The parties have not explained the $10 difference between the $129,074 shown in the records of Franklin Templeton Services and the $129,064 shown in the certified transcripts.

Petitioner does not qualify for any exception to the 10-percent additional tax on the remaining $308,622 and is thus liable for the additional tax on this amount.

3. Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total. The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001). "Reasonable cause" requires petitioner to demonstrate that she exercised ordinary business care and prudence and nevertheless was unable to file her 1999 Federal income tax return by the due date. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

We have found that petitioner did not file a tax return for 1999. On the record before us, we find that respondent has satisfied his burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v.

Commissioner, supra.  Petitioner has neither offered an explanation for her failure to file nor produced evidence to establish any reasonable cause for her failure to file the return.  We sustain respondent's determination of an addition to tax under section 6651(a)(1) in the amount to be calculated by the parties in their Rule 155 computation.

4.    Section 6673(a)(1)

Section 6673(a)(1) provides that this Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears either that the taxpayer instituted or maintained the proceedings primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

On the basis of the record before us, we are convinced that petitioner has instituted and maintained these proceedings primarily for delay.  Petitioner failed to submit to the Court a pretrial memorandum as directed by the Court's standing pretrial order and failed to attend the calendar call, either personally or through counsel.  Petitioner also failed to appear at trial. While petitioner was at that time ostensibly represented by counsel who did appear on petitioner's behalf, petitioner's counsel neither presented a case nor offered any evidence on petitioner's behalf.  Moreover, following trial, neither petitioner nor her counsel submitted a brief as we ordered. Petitioner has never responded to respondent's motion to impose a

penalty under section 6673 in which respondent sets forth specific examples of petitioner's refusal to cooperate with respondent before trial.  In light of the foregoing, we believe that sanctions are necessary to deter petitioner and others similarly situated from comparable dilatory conduct.  Pursuant to section 6673(a)(1), we impose against petitioner a penalty in the amount of $1,000.

To reflect the foregoing,

Decision will be entered under Rule 155.