T.C. Memo. 2006-130

UNITED STATES TAX COURT

NORMAN W. KLOOTWYK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7604-04.              Filed June 22, 2006.

<u>Philip A. Putman</u>, for petitioner.

<u>Ron Chun</u> and <u>Loren B. Mark</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $8,455 for 2001 and additions
to tax of $2,659.54 for failure to file a return under section
6651(a)(1) and $334.58 for failure to pay estimated tax under

section 6654.[1]  After concessions by respondent, the issues for decision are (1) whether petitioner had unreported income for 2001 in the amounts determined by respondent, (2) whether petitioner is liable for the addition to tax under section 6651(a)(1), (3) whether petitioner is liable for the addition to tax under section 6654, and (4) whether the Court should impose on petitioner a penalty pursuant to section 6673.

FINDINGS OF FACT

Some facts have been stipulated and are so found.  When the petition was filed, petitioner resided in Cottonwood, Arizona.

In 2001, petitioner received nonemployee compensation in the total amount of $11,227.30 from Hy-Vee Inc., Carson Services, Perkins Family Restaurants, American Home Shield Corp., and K-Mart Corp.; wage income of $25,685 from Hoff Mechanical Inc.; total interest income of $1,225 from Marshalltown Development Corp., Prudential Insurance Company of America, Home Federal Savings Bank, and an account maintained at Edward D. Jones & Co.; and total dividend income of $3,398 from A.G. Edwards & Sons Inc., an account maintained at Edward D. Jones & Co., and Cash Management Trust of America-The American Funds Service Company.

Petitioner failed to file a Federal income tax return for 2001 and did not make any estimated tax payments for the 2001 tax

---

[1]  Section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

year.  In a notice of deficiency dated January 28, 2004, respondent determined the above-stated deficiency and additions to tax.  Petitioner timely filed a petition disputing the determinations.[2]

Petitioner did not submit a pretrial memorandum as required by the Court's standing pretrial order.  At calendar call, petitioner did not appear, but the Court had before it and granted petitioner's motion for a trial time and date certain.  At trial, petitioner did not personally appear but was represented by counsel.  Petitioner's counsel did not introduce any evidence on petitioner's behalf at trial and failed to file an opening brief following the trial.

OPINION

1.  <u>Unreported Income</u>

As a general rule, the Commissioner's determinations of deficiencies in tax set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that these determinations are in error.  Rule 142(a); <u>Welch v.</u>

---

[2]  On Apr. 30, 2004, the Court filed as a petition a letter received from petitioner.  By an order dated May 10, 2004, the Court directed petitioner to file an amended petition complying with the Rules of the Court as to form and content of a proper petition by June 24, 2004.  Despite issuance by the Court of several orders to petitioner in the ensuing months, petitioner did not submit an amended petition to the Court until Apr. 28, 2005.

Helvering, 290 U.S. 111, 115 (1933).[3]  In order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate that the taxpayer received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) (the Commissioner's assertion of a deficiency is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income).  McManus v. Commissioner, T.C. Memo. 2006-57; see also Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) ("The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation.").  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary

---

[3]  Pursuant to sec. 7491(a), the burden of proof as to factual matters affecting liability for tax shifts to respondent under certain circumstances.  Petitioner has neither alleged that sec. 7491(a) applies nor established his compliance with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Petitioner therefore bears the burden of proof.

or erroneous.  Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

We conclude that respondent has met his burden of production as to the unreported income determined in the notice of deficiency.  Respondent introduced, and we admitted, into evidence respondent's worksheets listing the amounts of income that third parties represented to respondent as having been paid to petitioner, and petitioner has not challenged the accuracy of these worksheets.  See Green v. Commissioner, T.C. Memo. 1996-107, affd. without published opinion 113 F.3d 1251 (11th Cir. 1997).  In addition, petitioner stipulated having received $327 in interest income and $25,685 in wages.  Respondent also introduced, and we admitted, into evidence the declarations of records of the regularly conducted activity of Hy-Vee Inc., Carson Services Inc., Perkins Family Restaurants, K-Mart Corp., and Hoff Mechanical Inc., and business records affidavits from Edward Jones, all of which support the determination made by respondent.  We hold that respondent has sufficiently linked petitioner to the unreported income.  See Hardy v. Commissioner, supra at 1004.  Given petitioner's failure to disprove respondent's determination of unreported income, as modified through concessions, we sustain the determination as modified.

2.  <u>Addition to Tax Under Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  The addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total.  The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1).  Sec. 7491(c).  The burden of showing reasonable cause under section 6651(a) remains on the taxpayer.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-448 (2001).  "Reasonable cause" requires petitioner to demonstrate that he exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date.  <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs.  Willful neglect is defined as a "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner stipulated that he never filed his 2001 tax return.  Respondent has, accordingly, met his burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c).  Petitioner has neither offered an explanation for his failure to file nor produced evidence to establish any reasonable cause for his failure to file the return.  We sustain respondent's determination of an addition to tax under section

6651(a)(1) in the amount to be calculated by the parties in their Rule 155 computation.[4]

## 3.   Addition to Tax Under Section 6654

Section 6654(a) imposes an addition to tax on an underpayment of a required installment of individual estimated tax.  A taxpayer may avoid the addition to tax by establishing that one of the exceptions listed in the section applies.  Petitioner stipulated that he did not make any estimated tax payments for the 2001 taxable year, and he has not disputed the imposition of the addition to tax.  Accordingly, respondent has satisfied his burden of production under section 7491(c) with regard to the section 6654 addition to tax, and we sustain its applicability.

## 4.   Section 6673(a)(1)

Section 6673(a)(1) provides that this Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears either that the taxpayer instituted or maintained the proceedings primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

On the basis of the record before us, we are convinced that petitioner has instituted and maintained these proceedings primarily for delay.  Petitioner failed to submit to the Court a

---

[4]  We note that the addition to tax under sec. 6651(a)(1) may not exceed 25 percent of the amount required to be shown as tax on the return.  See sec. 6651(a)(1).

pretrial memorandum as directed by the Court's standing pretrial order.  Petitioner also failed to appear for his case when it was called for trial.  While petitioner was at that time represented by counsel who did appear on petitioner's behalf, petitioner's counsel neither presented a case nor offered any evidence on petitioner's behalf.  Moreover, following trial, neither petitioner nor his counsel submitted a brief as we ordered.  In light of the foregoing, we believe that sanctions are necessary to deter petitioner and others similarly situated from comparable dilatory conduct.  Pursuant to section 6673(a)(1), we impose against petitioner a penalty in the amount of $1,000.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.