T.C. Memo. 2007-60

UNITED STATES TAX COURT

NATHANIEL CALEB AVERY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17314-05.              Filed March 14, 2007.

Peter J. Gibbons, for petitioner.[1]

Michele Craythorn, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Respondent determined a $39,890 deficiency in

petitioner's 2002 Federal income tax and additions to tax of

$6,743.70 under section 6651(a)(1), $4,046.22 under section

---

[1] Peter J. Gibbons entered his appearance on Sept. 21, 2006.
Petitioner had filed the petition pro se on Sept. 15, 2005.

6651(a)(2), and $964.76 under section 6654.[2]  After concessions by respondent,[3] the issues for decision are:

(1)  Whether payroll summaries of petitioner's employer are admissible into evidence under the Federal Rules of Evidence.  We hold they are;

(2)  whether petitioner had $157,553 of unreported income as respondent determined.  We hold petitioner did;

(3)  whether petitioner is liable for an addition to tax under section 6651(a)(1).  We hold he is;

(4)  whether petitioner is liable for an addition to tax under section 6654.  We hold he is not; and

(5)  whether petitioner is liable for a penalty pursuant to section 6673(a)(1) for instituting this proceeding primarily for delay and/or advancing in this proceeding frivolous or groundless claims.  We hold he is and impose upon him a penalty of $5,000.

## FINDINGS OF FACT

In 2002, petitioner was the chief executive officer of Efeckta Technologies Corp. (Efeckta).  During that year, Efeckta

---

[2] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts have been rounded.

[3] Respondent concedes that petitioner is not liable for the addition to tax under sec. 6651(a)(2) and asserts an increase in the addition to tax under sec. 6651(a)(1) to $7,493 (i.e., the 25-percent maximum addition to tax under that section multiplied by the difference between the deficiency of $39,890 and withheld tax of $9,918).

paid him wages totaling $157,553. Federal income tax of $9,918 was withheld from those wages.

Petitioner did not file a Federal income tax return for 2002 and did not make any estimated tax payments for that year (with the exception of the withheld tax). Respondent prepared a substitute for return for petitioner for 2002 based on information reported to respondent by a third party.[4] Respondent issued to petitioner a notice of deficiency reflecting the same. In his petition to this Court, petitioner acknowledged that he did not file a tax return for 2002 and alleged in part that "Since Petitioner did not file a tax return for 2002, Petitioner's alleged 'deficiency' was not determined by Respondent 'examining' any tax return filed by the Petitioner," that "Petitioner 'determined' he had no taxable income since he received no 'income' in the 'constitutional sense", and that "no statues [sic] make the Petitioner 'liable' for the 'income' taxes at issue."[5] Petitioner did not deny that he received the wages referenced in the notice of deficiency (nor has petitioner made such a denial at any time during this proceeding).

---

[4] The third party, Efeckta, reported on a 2002 Form W-2, Wage and Tax Statement, that it had paid petitioner wages of $157,553 during 2002.

[5] When the petition was filed, petitioner resided in San Rafael, California.

On September 25, 2006, the Court called the case from the calendar of cases set to be tried on the regular session of this Court commencing on that date in San Francisco, California. Counsel for respondent and counsel for petitioner made their respective appearances. Upon the completion of the calendar call, the parties were informed that they should be prepared to try this case on September 26, 2006, at 9 a.m. When the scheduled time for trial arrived, neither petitioner nor his counsel was in the courtroom. Respondent was represented by his counsel. The Court postponed the start of trial for 45 minutes in expectation that either petitioner or his counsel would appear. At 9:46 a.m., the Court recalled this case. Respondent's counsel appeared for respondent. Neither petitioner nor his counsel made an appearance. Respondent moved to dismiss the case for lack of prosecution, stating in part that petitioner had been uncooperative throughout the proceeding and had not stipulated any of the facts of this case. Respondent also informed the Court that respondent believed that he bore a burden as to the issues in this case and introduced the following five exhibits into evidence:

(1) Exhibit 1-R: a document described as the payroll summaries of Efeckta for the semimonthly pay periods in 2002 from January 1 through July 15 and other payroll related records for 2002 through August 30;

(2) Exhibit 2-R: a certified photocopy of the Information Return Master File Tax Account Transcript printout summarizing employee compensation reported to respondent with regard to petitioner and his 2002 taxable year;

(3) Exhibit 3-R: a Form 4340, Certificate of Assessments, Payments and Other Specified Matters, for petitioner and his 2002 taxable year;

(4) Exhibit 4-R: the notice of deficiency at issue; and

(5) Exhibit 5-R: a motion filed by petitioner in the U.S. Bankruptcy Court for the District of Delaware as to the bankruptcy case of Efeckta.

The Court admitted the exhibits into evidence and granted respondent's motion. The recall was concluded at 9:55 a.m.

At 10:24 a.m., the case was recalled a second time. Petitioner's counsel appeared, unaccompanied by petitioner. Petitioner's counsel moved the Court to vacate our order of dismissal, stating that he tried to be in the courtroom at 9:30 a.m. but was not able to arrive at the courthouse until 10 a.m. because of "very congested city and parking difficulties". Petitioner's counsel stated that he was "remiss" to not have informed the Court that he would be tardy. The Court granted petitioner's motion to vacate our earlier dismissal for lack of prosecution and reopened the record to allow petitioner to make

any objections and motions to the aforementioned exhibits received into evidence.

The Court allowed petitioner's counsel to examine the five exhibits admitted into evidence earlier in the day "and to make now any objections and appropriate motions." Petitioner's counsel objected to two of the exhibits; namely, Exhibits 1-R and 2-R. As to Exhibit 1-R, petitioner's counsel stated his objection as follows: "I object to this as hearsay. I do not believe that it rises to the level of an exception under the business records rule. There's no attestation as to its veracity. The only thing we have for identification is an Avery C. Anybody could have created these spreadsheets." Respondent's counsel replied: "I received these records from the bankruptcy trustee. They did not have any way to reach a custodian of the records, because Efeckta is in bankruptcy right now. These records are accurate payroll records that were faxed to me. The bankruptcy trustee said this was all he had for Nathaniel Caleb Avery." The Court took petitioner's objection to the admissibility of Exhibit 1-R under advisement.

As to Exhibit 2-R, petitioner's counsel acknowledged that the exhibit was a certified copy of a computer-generated transcript of the Internal Revenue Service (IRS) showing that the respondent's records reported that the respondent had received the Form W-2 at issue herein, but petitioner's counsel stated

that the exhibit was hearsay.  Respondent's counsel replied that the exhibit "is an official business record from the I.R.S.  It is not purporting to be a W-2.  What it purports to be is W-2 information that was recorded from a third party, Efeckta Technologies, for Nathaniel Caleb Avery for the 2002 year.  It reports his wages, his withholding, and this is a certified copy of that matter."  The Court overruled petitioner's objection to the admissibility of Exhibit 2-R and admitted that exhibit into evidence.

Petitioner did not stipulate any facts or documents, call any witnesses, or offer to introduce any evidence at trial.

OPINION

1.  <u>Admissibility of Exhibit 1-R</u>

At trial, petitioner's counsel objected to the admission of Exhibit 1-R on the grounds of hearsay.  We overrule the objection.

Proceedings in this Court are conducted in accordance with the Federal Rules of Evidence.  See sec. 7453; Rule 143.  Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Rule 802 of the Federal Rules of Evidence provides that hearsay generally is not admissible except as otherwise provided.

Respondent argues that the Court should admit Exhibit 1-R into evidence pursuant to rule 807 of the Federal Rules of Evidence. That rule allows admission of a statement not expressly within any of the other exceptions to the hearsay rule when the statement is material and probative and when "the interests of justice will best be served by admission of the statement into evidence." The documents underlying Exhibit 1-R are both material and probative of the issue of whether petitioner had unreported taxable income, and petitioner does not deny that he was paid the wages referenced in those documents. Given the circumstantial guaranties of trustworthiness present in this case, the inability of respondent to procure a custodian of the records of the bankrupt Efeckta, and the lack of any evidence in the record to suggest that the payroll summaries are anything other than what they purport to be, we shall admit the documents into evidence.[6] See Karme v. Commissioner, 673 F.2d 1062, 1065 (9th Cir. 1982) (Fed. R. Evid. 807 authorizes a court to admit a record into evidence so long as the record is material, probative, and trustworthy), affg. 73 T.C. 1163 (1980); see also

---

[6] Petitioner had fair opportunity to challenge the documents underlying Exhibit 1-R in advance of trial but did not take that opportunity. Respondent's pretrial memorandum gave notice to petitioner of the possibility of respondent's introducing evidence that might be supplied by the custodian of records for Efeckta. Petitioner had sufficient time to call witnesses to testify at trial on the matter of the payroll records of Efeckta. Finally, Exhibit 1-R involves a matter which should be familiar to petitioner; namely, petitioner's own income for 2002.

<u>United States v. Linn</u>, 880 F.2d 209, 216 (9th Cir. 1989) (the
Court of Appeals for the Ninth Circuit has granted lower courts
broad discretion to decide whether a particular record is
trustworthy).

## 2. <u>Unreported Income</u>

As a general rule, the Commissioner's determinations of
deficiencies in tax set forth in a notice of deficiency are
presumed correct, and the taxpayer bears the burden of showing
that these determinations are in error.  See Rule 142(a); <u>Welch
v. Helvering</u>, 290 U.S. 111, 115 (1933); see also <u>Rapp v.
Commissioner</u>, 774 F.2d 932, 935 (9th Cir. 1985); <u>Delaney v.
Commissioner</u>, 743 F.2d 670, 671 (9th Cir. 1984), affg. T.C. Memo.
1982-666.  In order for the presumption of correctness to attach
to the deficiency determination in unreported income cases, the
Commissioner must establish "some evidentiary foundation"
connecting the taxpayer with the income-producing activity,
<u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 361-362 (9th Cir.
1979), revg. 67 T.C. 672 (1977), or demonstrate that the taxpayer
received unreported income, see <u>Edwards v. Commissioner</u>, 680 F.2d
1268, 1270 (9th Cir. 1982) (the Commissioner's assertion of a
deficiency is presumptively correct once some substantive
evidence is introduced demonstrating that the taxpayer received
unreported income); <u>McManus v. Commissioner</u>, T.C. Memo. 2006-57;
see also <u>Palmer v. United States</u>, 116 F.3d 1309, 1312 (9th Cir.

1997) ("The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.[7]

We conclude that respondent has met his burden of production as to the unreported income determined in the notice of deficiency. Respondent introduced, and we admitted, into evidence respondent's computer-generated form stating that respondent had received from Efeckta a Form W-2 reporting that it had paid petitioner wages of $157,553 during 2002. See id. at 1005 (the Commissioner satisfied the sufficient foundation requirement when the taxpayer's employer reported the taxpayer's income to the Commissioner); Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992) (upholding the use of official,

_____

[7] Pursuant to sec. 7491(a), the burden of proof as to factual matters affecting liability for tax shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that sec. 7491(a) applies nor established his compliance with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. We conclude that sec. 7491(a) is inapplicable to this case.

computer-generated IRS forms in a deficiency determination); see also Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997) (holding that it is not arbitrary for the Commissioner to rely upon third-party payor reports in a case of unreported income where the taxpayer does not file a return or other sworn document disputing the income reflected in those reports).  Petitioner presented no evidence to suggest that this form was inaccurate. See Hardy v. Commissioner, supra at 1004 (shifting to the taxpayer the burden of showing the unreported income determination was not erroneous after the Commissioner presented substantive evidence of unreported income); see also Green v. Commissioner, T.C. Memo. 1996-107, affd. without published opinion 113 F.3d 1251 (11th Cir. 1997).  Respondent also introduced, and we admitted, into evidence records of Efeckta which support respondent's determination.  The records show that during 2002 Efeckta paid to petitioner a semimonthly salary of $6,000.  The records are consistent with respondent's claim of unreported income, and we hold that respondent has sufficiently linked petitioner with the unreported income.  See Hardy v. Commissioner, supra at 1005.  Given petitioner's failure to

disprove respondent's determination of unreported income,[8] we sustain the determination.

3.  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  The addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total.  The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1).  See sec. 7491(c); see also Rule 142(a)(1) (the Commissioner bears the burden of proof as to his allegation in the answer concerning the increase in the section 6651(a)(1) addition to tax).[9]  The burden of showing reasonable cause under section 6651(a) remains on petitioner.  See Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).  "Reasonable cause" requires petitioner to demonstrate

---

[8] Petitioner had an opportunity to show error in respondent's determination of unreported income but failed to take advantage of that opportunity.  Instead, petitioner opts to rely on allegations similar to those that we have previously rejected as frivolous.  We see no need to address petitioner's allegations with any further discussion.  See Sawukaytis v. Commissioner, T.C. Memo. 2002-156, affd. 102 Fed. Appx. 29 (6th Cir. 2004); Heisey v. Commissioner, T.C. Memo. 2002-41, affd. 59 Fed. Appx. 233 (9th Cir. 2003); Hart v. Commissioner, T.C. Memo. 2001-306.

[9] Petitioner believes that respondent's concession in the answer of the sec. 6651(a)(2) addition to tax invalidates the notice of deficiency.  We disagree.

that he exercised ordinary business care and prudence and nevertheless was unable to file his 2002 Federal income tax return by the due date.  See United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Petitioner conceded in his petition that he never filed his 2002 tax return.  Respondent has accordingly met his burden with regard to the section 6651(a)(1) addition to tax.  See sec. 7491(c); Higbee v. Commissioner, supra.  Petitioner has neither offered an explanation for his failure to file a 2002 Federal income tax return nor produced evidence to establish any reasonable cause for his failure to file this return.  Petitioner does not deny that he lacked reasonable cause; he raises tax-protester arguments that lead us to conclude that his failure to file a 2002 tax return was conscious, intentional, and recklessly indifferent.[10]  We sustain respondent's determination of an addition to tax under section 6651(a) as increased in the answer.

---

[10] Petitioner had an opportunity to show error in respondent's determination of this addition to tax but failed to take advantage of that opportunity.  Petitioner alleges that the addition to tax was erroneously determined because "A 6651 penalty can only apply to alcohol, firearms, and tobacco taxes", and he did not engage in such excise activities during the taxable year in question.  We have previously rejected similar allegations as frivolous, and we see no need to address petitioner's allegation with any further discussion.

4.   <u>Addition to Tax Under Section 6654</u>

Section 6654(a) imposes an addition to tax upon an individual for an underpayment of a required installment of estimated tax.  If the taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for the addition to tax, the Commissioner has the burden of producing evidence to show that the addition to tax applies.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, <u>supra</u> at 438.

Under section 6654, the addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210 (2006).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment".  Sec. 6654(d)(1)(A).  The required annual payment is generally equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 210-211.  A taxpayer has an obligation to pay estimated taxes for a particular year only if he has a "required annual payment" for that year.  <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.

Respondent introduced evidence to prove that petitioner was required to file a Federal income tax return for 2002, that petitioner did not file a 2002 return, and that petitioner did not make any estimated tax payments for 2002 (with the exception of the withheld tax). However, respondent did not introduce evidence sufficient to prove that petitioner had an obligation to make any estimated tax payments for 2002. Specifically, respondent's burden of production under section 7491(c) required him to produce evidence that petitioner had a required annual payment for 2002 under section 6654(d), which in turn required that respondent produce evidence establishing whether petitioner filed a 2001 tax return and if so the amount of tax shown thereon. Id. at 211-212.[11] Respondent did not do so. Consequently, respondent's determination regarding the section 6654 addition to tax is not sustained.[12]

---

[11] Although the petition is unclear in many respects and is replete with frivolous arguments, petitioner nevertheless asserted in the petition that "the 6654 penalties are erroneously alleged." Thus, respondent was put on notice that petitioner's liability for the sec. 6654 addition to tax was an issue. Respondent therefore had the burden of production under sec. 7491(c) to introduce evidence that it is appropriate to hold petitioner liable for the addition to tax. See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006).

[12] We emphasize that we are not holding that petitioner was not required to make estimated tax payments for 2002. Rather, we hold that petitioner is not liable for the sec. 6654 addition to tax because of respondent's failure to meet the burden of production.

5.  Section 6673(a)(1) Penalty

The Court now considers sua sponte whether to impose a penalty against petitioner pursuant to section 6673(a)(1). That section provides that the Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever, among other reasons, it appears either that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax respondent determined in the notice of deficiency. Rather, the record demonstrates that petitioner unreasonably prolonged the proceeding by serving on respondent and filing with the Court repetitious, groundless, and frivolous documents. In the petition, motion for summary judgment, and several other documents petitioner has submitted to the Court, petitioner raised frivolous tax-protester arguments and contentions that have previously and universally been rejected as such. See, e.g., Dashiell v. Commissioner, T.C. Memo. 2004-210 (as to petitioner's allegation that no Internal Revenue Code section makes him liable); Smith v. Commissioner, T.C. Memo. 2003-45 (as to petitioner's allegation that the deficiency determined is an excise tax). Petitioner knew or

should have known that his arguments lacked merit. Petitioner cited the Internal Revenue Code, the Tax Court Rules, the Constitution, and dozens of cases. We have no doubt that petitioner was or had reason to be thoroughly familiar with the precedent which uniformly denied validity to his position. Petitioner's failure to provide respondent with information requested and petitioner's failure to offer competent evidence at trial pertaining to substantive issues raised in the notice of deficiency are further evidence that this lawsuit was instituted primarily for delay. See <u>Stamos v. Commissioner</u>, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

On the record before us, we are convinced that petitioner has instituted and maintained this proceeding primarily for delay and has advanced frivolous and groundless arguments. In the light of the foregoing, we believe sanctions are necessary to deter petitioner and other similarly situated taxpayers from comparable dilatory conduct. Pursuant to section 6673(a)(1), we impose against petitioner a penalty of $5,000.

We have considered all of petitioner's contentions and allegations that are not discussed herein, and we find them to be without merit and/or irrelevant. To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.