T.C. Memo. 2008-214

UNITED STATES TAX COURT

NORMAN KLOOTWYK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21030-06L.              Filed September 15, 2008.

Norman Klootwyk, pro se.

Chris J. Sheldon, for respondent.

MEMORANDUM OPINION

GALE, Judge: This case is before the Court on respondent's

motions to dismiss for lack of prosecution and to impose a

penalty under section 6673.[1]  Petitioner's motion to strike

_____

[1] Unless otherwise noted, all section references are to the
Internal Revenue Code of 1986 as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

certain portions of respondent's motion to dismiss for lack of prosecution and petitioner's motion for sanctions are also pending.

## Background

Petitioner seeks review under section 6330(d) of respondent's determination to proceed with a levy to collect unpaid income taxes for petitioner's 1999 and 2000 taxable years, which totaled $102,501 and $116,281, respectively, when the notice of intent to levy was issued. Petitioner resided in Arizona when the petition was filed. Respondent's determination was contained in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 issued after petitioner requested a hearing concerning the proposed levy.

A notice setting case for trial, setting the trial in this case for January 7, 2008, was served on petitioner on August 6, 2007. This notice stated:

> The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on January 7, 2008.

> The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

> Your attention is called to the Court's requirement that * * * the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR

FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF JUDGMENT AGAINST YOU.

The notice setting case for trial was accompanied by a standing pretrial order, which likewise ordered the parties to stipulate facts to the maximum extent possible, ordered the parties to submit pretrial memoranda not less than 14 days before the first day of the trial session, and warned that an unexcused failure to comply with the standing pretrial order might result in sanctions, including dismissal.

On January 3, 2008, the Court received a document from petitioner styled as a motion to set aside trial date, in which petitioner contended that a trial was unnecessary because the Court's review of his case was confined to what took place during his administrative hearing.  The motion accordingly requested that the Court set a briefing schedule.  That same day petitioner's motion was denied.

When this case was called for trial on January 7, 2008, there was no appearance by or on behalf of petitioner.  Counsel for respondent appeared and moved to dismiss for lack of prosecution.  Respondent also filed a motion to impose penalties under section 6673.[2]  A hearing was conducted at which respondent introduced documents from petitioner's administrative file pursuant to rules 803(6) and 902(11) of the Federal Rules of

---

[2] Respondent served both motions on petitioner by mail on Jan. 8, 2008.

Evidence. That same day petitioner mailed to the Court a document styled as a statement under Rule 50(c) "in lieu of physically attending the trial", which was filed as petitioner's "report" on January 11, 2008.

Petitioner filed an objection to respondent's motion to dismiss and an objection to respondent's motion to impose a penalty under section 6673 on February 19, 2008.[3] Petitioner filed a supplement to his objection to respondent's motion to dismiss for lack of prosecution on March 4, 2008.

## Discussion

### Dismissal for Lack of Prosecution

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of this Court or any order of the Court, or for any cause which the Court deems sufficient. Rule 123(b); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223; McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his

---

[3] In addition, petitioner filed a motion to strike, in which he moved that any references to "anti-tax rhetoric" be stricken from respondent's motion to dismiss for lack of prosecution and respondent's motion to impose a penalty, and he filed a motion for sanctions.

claim.  Rule 149(a); <u>Brooks v. Commissioner</u>, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

Petitioner has failed to properly prosecute this case.  In his motion to dismiss, respondent's counsel contends that he received no communication from petitioner with respect to any aspect of the Tax Court proceeding.  In his objection to respondent's motion to dismiss, petitioner does not deny this claim; he simply ignores it.  We take it as established for purposes of respondent's motion.  In addition, respondent's counsel also contends in his motion to dismiss, and petitioner fails to dispute in his objection, that petitioner disregarded respondent's attempts to reach agreement on a stipulation of facts, in contravention of the Court's standing pretrial order.  This likewise represents a failure to participate meaningfully in preparing the case for trial or otherwise resolving it.

Petitioner was obviously aware that this case had been set for trial, as evidenced by his motion to set aside trial date submitted days before the scheduled trial.  In his motion to set aside trial date, his purported Rule 50(c) statement (filed as petitioner's report), and in his objection to respondent's motion to dismiss, petitioner, citing <u>Robinette v. Commissioner</u>, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004), contends that a trial is unnecessary because the Court may consider only the administrative record--that is, the matters raised and considered

as part of the hearing under section 6330.  Petitioner's reliance on Robinette is misplaced.  Even where the Tax Court is confined, under the principles of Robinette, to a review of the record compiled in a section 6330 hearing, a trial is often appropriate to allow the reviewing court "to receive evidence concerning what happened during the agency proceedings."  Id. at 461.  Here, upon petitioner's failure to appear for trial, respondent offered into evidence pursuant to rules 803(6) and 902(11) of the Federal Rules of Evidence certain documents from petitioner's administrative file that had been relied on by respondent's Appeals Office in reaching the determination in the notice of determination.  These documents fully support the determination.  Whether the documents in evidence constitute a complete and fair representation of the administrative hearing is an issue that would be resolved at a trial if petitioner contended they do not.  Yet petitioner maintains that a trial is unnecessary.  His contention is meritless.[4]

---

[4] We note that were we to decide this case on the administrative record available to us, as petitioner contends we should, the decision would be for respondent.  Petitioner's two principal contentions are that he was improperly denied the opportunity to dispute the underlying tax liabilities and the opportunity for a face-to-face conference.  The record of the administrative hearing in evidence demonstrates that the Appeals Office employee conducting petitioner's hearing verified that a notice of deficiency covering the liabilities at issue had been issued to petitioner and mailed to him at his last known address.  The foregoing was sufficient to preclude consideration of the underlying liabilities at the hearing under sec. 6330(c)(2)(B),

(continued...)

We are also satisfied that petitioner was on fair notice (i) that he was required to appear for trial on the scheduled trial date and (ii) that a statement under Rule 50(c) was not an acceptable substitute for his appearance.  The notice setting the case for trial advised petitioner that he was expected to be present on the trial date and warned that a failure to appear "MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."  Rule 50(c) provides as follows:

> **(c) Attendance at Hearings:** If a motion is noticed for hearing, then a party to the motion may, prior to or at the time for such hearing, submit a written statement of such party's position together with any supporting documents. Such a statement may be submitted in lieu of or in addition to attendance at the hearing.

Rule 50(c) by its clear terms applies only to hearings or, more specifically, to hearings on motions.  Petitioner is no stranger to this Court, having filed a petition at docket No. 7604-04 for redetermination of a deficiency for his 2001 taxable year.  See Klootwyk v. Commissioner, T.C. Memo. 2006-130.  In that case petitioner did not personally appear but requested and received a

---

[4](...continued)
absent some indication from petitioner that he was not residing at the address used or there was some other irregularity in connection with the mailing, which petitioner did not provide. Likewise, the documents in evidence show that petitioner was offered a face-to-face conference on a range of dates, on condition that petitioner identify nonfrivolous issues that he wished to raise.  Petitioner neither identified the issues nor designated a date.  As a consequence, the Appeals Office employee conducting the hearing offered petitioner a telephone hearing, which he spurned.  See, e.g., Stephens v. Commissioner, T.C. Memo. 2005-183 n.2.

time and date certain for his trial, at which he was represented by counsel.  On the basis of the foregoing, we conclude that petitioner was aware of his obligation to appear for trial.  His failure to appear is therefore unexcused and, when combined with the other previously discussed derelictions in prosecuting his case, renders a dismissal for lack of prosecution fully justified.

All of the material allegations set forth in the amended petition in support of assignments of error have been denied in respondent's answer, and respondent has likewise not conceded any error assigned in the amended petition.  Accordingly, respondent is entitled to a decision in his favor and may proceed with the proposed levy to collect petitioner's outstanding 1999 and 2000 income tax liabilities.[5]

Section 6673 Penalty

Respondent has moved for the maximum penalty under section 6673(a)(1) on the grounds that petitioner instituted and maintained this proceeding primarily for delay.  Whenever it appears to the Court that proceedings have been instituted or maintained primarily for delay, the Court may require the taxpayer to pay a penalty not in excess of $25,000.  Id.  Section

---

[5] We have also reviewed petitioner's motion to strike and motion for sanctions.  We conclude that they are meritless, and we shall deny them.

6673(a)(1) applies to proceedings under section 6330.  <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).

Having carefully reviewed petitioner's submissions in this case, we are satisfied that he instituted and maintained the proceedings primarily for delay.  One principal reason for our conclusion is that a number of the positions petitioner has taken are frivolous.  Petitioner seizes upon, and repeatedly rails against, the fact that respondent alleges that the notice of deficiency for 1999 and 2000 was mailed to petitioner's "last known address" but then lists <u>two</u> addresses to which the notice was sent.  At no point in his repeated discussions of this topic does petitioner ever deny that he resided or received correspondence at the addresses respondent listed or suggest that some other address was his last known address.  Petitioner also advances a litany of charges to the effect that his due process rights have been egregiously violated by Internal Revenue Service personnel.  He made no such claims under oath at trial; instead, he deliberately avoided his trial date.  The foregoing positions and actions damage petitioner's credibility.

Moreover, as noted, petitioner had a previous case in this Court.  See <u>Klootwyk v. Commissioner</u>, <u>supra</u>.  In that case petitioner did not personally appear but had counsel to represent him.  His counsel, however, "neither presented a case nor offered

any evidence on petitioner's behalf".[6]  Id.  The Court concluded that petitioner had instituted and maintained the proceedings primarily for delay and imposed a penalty of $1,000 under section 6673(a)(1).  The opinion in Klootwyk, was issued on June 22, 2006, approximately 4 months before petitioner filed the original petition herein (October 16, 2006).

We perceive here a pattern of trifling with this Court's process.  Petitioner has again wasted the time and resources of this Court and respondent.  It is apparent that a $1,000 penalty has not deterred petitioner from this course of conduct.  We are also mindful that the sums for which petitioner has attempted to delay collection are substantial.  Accordingly, a more substantial penalty is warranted, and we shall impose one under section 6673(a)(1) of $5,000.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[6] In the previous case, petitioner also failed to submit a pretrial memorandum or a posttrial brief as ordered by the Court.