T.C. Memo. 2009-25

UNITED STATES TAX COURT

DAVID DE HAAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12330-07L.              Filed February 4, 2009.

David De Haas, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for lack of prosecution.

Background

Petitioner seeks review under section 6330(d)[1] of respondent's determination to proceed with a levy to collect unpaid income taxes for petitioner's 2002 and 2003 taxable years. Petitioner resided in Nevada when the petition was filed. Respondent's determination was contained in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 issued after petitioner requested a hearing concerning the proposed levy.

A notice setting case for trial, setting the trial in this case for November 17, 2008, was served on petitioner on June 12, 2008. This notice stated:

> The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on November 17, 2008.
>
> The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
>
> Your attention is called to the Court's requirement that * * * the parties, before trial, must agree in writing to all facts and documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF JUDGMENT AGAINST YOU.

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1986 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The notice setting case for trial was accompanied by a standing pretrial order, which likewise ordered the parties to stipulate facts to the maximum extent possible, ordered the parties to submit pretrial memoranda not less than 14 days before the first day of the trial session, and warned that an unexcused failure to comply with the standing pretrial order might result in sanctions, including dismissal.

On October 28, 2008, the Court received a document from petitioner styled as a motion to set aside trial date, in which petitioner contended that a trial was unnecessary because the Court's review of his case was confined to what took place during his administrative hearing. The motion accordingly requested that the Court set a briefing schedule.

By order dated November 6, 2008, the Court denied petitioner's motion. The order advised petitioner that the parties' pleadings set forth differing views of what occurred in connection with petitioner's hearing and that a trial would give each party the opportunity to offer evidence to support his version of the hearing. The order further directed petitioner to Rule 122, which would provide a means for disposing of the case without trial if the parties were to stipulate regarding the contents of the administrative file. The order again cautioned petitioner that his failure to appear at trial could result in dismissal of the case and entry of judgment against him.

Finally, the order advised petitioner that a written statement pursuant to Rule 50(c) may not be submitted in lieu of appearing for trial.

On November 14, 2008, 3 days before the scheduled trial, the Court received a document from petitioner styled as a statement under Rule 50(c) that was "in lieu of attending the Trial date".

When this case was called for trial on November 17, 2008, there was no appearance by or on behalf of petitioner. Respondent thereupon filed a motion to dismiss for lack of prosecution, attached to which was a copy of the notice of determination issued to petitioner. Petitioner was subsequently granted leave to file an objection to respondent's motion.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of this Court or any order of the Court, or for any cause which the Court deems sufficient. Rule 123(b); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223; McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his

claim.  Rule 149(a); <u>Brooks v. Commissioner</u>, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

Petitioner has failed properly to prosecute this case.  In the motion to dismiss, respondent's counsel contends that he received no communication from petitioner with respect to any aspects of the Tax Court proceeding, even though respondent's counsel made several attempts to contact petitioner.  In his objection to the motion to dismiss, petitioner does not deny this claim; he simply ignores it.  We take it as established for purposes of respondent's motion.

Petitioner was aware that this case had been set for trial, as evidenced by his motion to set aside trial date, which refers to the November 17, 2008, trial date.  In his motion to set aside trial date, his purported Rule 50(c) statement, and in his objection to respondent's motion to dismiss, petitioner, citing <u>Robinette v. Commissioner</u>, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004), contends that a trial is unnecessary because the Court may consider only the administrative record--that is, the matters raised and considered at his administrative hearing. However, even where the Tax Court is confined to a review of the record compiled in a section 6330 hearing, a trial is often appropriate to allow the reviewing court "to receive evidence concerning what happened during the agency proceedings."  <u>Id.</u> at 461.  Here, the pleadings of the parties differ with respect to

what occurred at the hearing. Yet in addition to failing to appear for trial, petitioner also failed to stipulate concerning the contents of the administrative record. The Court is thus left with no means of resolving the parties' competing versions thereof.

We are also satisfied that petitioner was on fair notice that he was required to appear for trial and that a statement under Rule 50(c) was not an acceptable substitute for his appearance. This Court has held that a statement under Rule 50(c) is not an acceptable substitute for an appearance at trial in a section 6330 proceeding, see Klootwyk v. Commissioner, T.C. Memo. 2008-214, and petitioner was so advised in the Court's order of November 6, 2008.

Petitioner disregarded the Court's warning that a statement under Rule 50(c) would not relieve him of his obligation to appear, disregarded the order that he engage in an effort to stipulate, disregarded his obligation to submit a pretrial memorandum, and disregarded his obligation to cooperate with respondent to prepare the case for trial. We accordingly conclude that petitioner has failed to properly prosecute this case. All of the material allegations set forth in the amended petition in support of assignments of error have been denied in respondent's answer, and respondent has not conceded any error assigned in the amended petition. The notice of determination

submitted by respondent contains a verification that the requirements of any applicable law or administrative procedure were met, addresses the issues raised by petitioner, and concludes that the proposed levy balances the need for efficient collection with the concern that any collection action be no more intrusive than necessary.

We therefore conclude that dismissal under Rule 123(b) is warranted and respondent is entitled to a decision in his favor. Accordingly, respondent may proceed with the proposed levy to collect petitioner's outstanding 2002 and 2003 income tax liabilities.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.