**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2746
_____

THOMAS J. MARCINEK,
                                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court Action No. 08-3775)
Tax Court Judge:  Honorable Joseph H. Gale
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before:  FUENTES, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed:  April 6, 2011)
_____

OPINION
_____

PER CURIAM

    Thomas Marcinek, proceeding *pro se,* appeals the Tax Court's decision granting

summary judgment for the Commissioner of Internal Revenue.  The Commissioner has

filed a motion to remand, which Marcinek opposes.  For the reasons that follow, we will

1

grant the motion to remand, dismiss the appeal, and remand the matter for further proceedings.

## I

Because we write primarily for the parties, we include only those background facts necessary to our decision. Marcinek failed to file federal income tax returns for several years. The IRS sent him notices of deficiency for those years and, when he did not challenge the notices, the IRS assessed his tax liability. Marcinek did not pay the assessed amount and, in March 2007, the IRS issued a notice of intent to file a notice of federal tax liens ("NFTL").

Marcinek appealed to the IRS Office of Appeals, which upheld the NFTL filing after a Collection Due Process hearing. Marcinek then filed a petition in the Tax Court in February 2008. On the Commissioner's motion, the matter was remanded to the IRS Office of Appeals for a supplemental decision, but the Tax Court retained jurisdiction. After a second Collection Due Process hearing before the IRS Office of Appeals, the IRS upheld the NFTL filing, and proceedings in the Tax Court resumed. The Commissioner filed in the Tax Court a motion for summary judgment; the Tax Court granted that motion on March 15, 2010.

Unbeknownst to the Commissioner and the Tax Court, Marcinek filed a petition for Chapter 7 bankruptcy in January 2010, while the Tax Court proceedings were pending. The Bankruptcy Court issued a discharge order on May 3, 2010. See In re Thomas J. Marcinek, D.N.J. Bankr. No. 10-bk-12088. The IRS learned of Marcinek's

bankruptcy proceedings and, when Marcinek initiated this appeal, the Commissioner filed a motion to remand the matter to the Tax Court, arguing that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a), rendered the Tax Court's decision void, thus depriving this Court of jurisdiction over Marcinek's appeal.

II

When a petitioner seeks a discharge in bankruptcy, § 362(a)(8) imposes an automatic stay on "the commencement or continuation of a proceeding before the United States Tax Court . . . concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order of relief under [the Bankruptcy Code]." The stay remains in place, absent a Bankruptcy Court order, until the bankruptcy proceedings are terminated. See § 362(c)(2), (d). A decision rendered in violation of the stay is void *ab initio*, and we lack jurisdiction to review such decisions. See Mar. Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206-08 (3d Cir. 1991).

We agree with the Commissioner that Marcinek's initiation of bankruptcy proceedings had the effect of staying his Tax Court case. Because the Tax Court granted summary judgment for the Commissioner while the bankruptcy proceedings were pending, the Tax Court's decision was void *ab initio*, and we lack jurisdiction to entertain Marcinek's appeal.

Because Marcinek has since received a discharge in bankruptcy, the automatic stay imposed by § 362(a)(8) is no longer in effect, and the Tax Court may proceed with his case. Accordingly, we will grant the motion to remand, dismiss the appeal, and

3

remand the matter to the Tax Court for further proceedings.