THOMAS J. MARCINEK, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Marcinek v. Comm'r
Docket No. 3775-08L
United States Tax Court
2011 U.S. Tax Ct. LEXIS 53; July 8, 2011, Decided
Marcinek v. Comm'r, 422 Fed. Appx. 132, 2011 U.S. App. LEXIS 7162 (3d Cir., 2011)
*53 Joseph H. Gale, Judge.
Joseph H. Gale
ORDER AND DECISION
This case is again before the Court, having been remanded to us by the U.S. Court of Appeals for the Third Circuit for further proceedings. The Court of Appeals concluded that petitioner's filing of a petition for Chapter 7 bankruptcy on January 26, 2010, unbeknownst to this Court or to respondent, nonetheless triggered an automatic stay pursuant to 11 U.S.C. sec. 362(a). The automatic stay therefore rendered this Court's decision entered on March 15, 2010, void ab initio and deprived the Court of Appeals of jurisdiction to entertain petitioner's appeal of that decision. In view of the fact that petitioner was discharged from bankruptcy on May 3, 2010, the Court of Appeals, in an opinion filed April 6, 2011, dismissed petitioner's appeal and remanded to the Tax Court for further proceedings.
On the basis of our review of the record, we conclude that no hearings or additional submissions from the parties are necessary or appropriate at this juncture. All proceedings and submissions which formed the basis for our previous disposition of this case occurred or were made before petitioner filed the petition for bankruptcy. The sole action *54 taken in the Tax Court proceedings after the bankruptcy filing and automatic stay was the entry of decision on March 15, 2010. Accordingly, the Court concludes that it is appropriate and warranted to enter a decision that is substantially identical to the void decision previously entered. We accordingly set out below an analysis, conclusion, and decision granting respondent's previously filed Motion for Summary Judgment.
On September 15, 2009, respondent filed a Motion for Summary Judgment in this case. Petitioner filed an Opposition to Respondent's Motion for Summary Judgment (SJ Opposition) on October 13, 2009. Pursuant to the Court's Order of November 9, 2009, respondent filed a Supplement to Respondent's Motion for Summary Judgment on November 17, 2009. The Court scheduled respondent's Motion for Summary Judgment for hearing on December 7, 2009, at the Court's Newark, New Jersey Trial Session.
When this case was called from the calendar at the December 7, 2009 Trial Session, there was no appearance by or on behalf of petitioner. On that date, the Court received a document from petitioner which was filed as petitioner's Supplement to Opposition to Motion for Summary Judgment (SJ Opposition *55 Supplement), wherein petitioner exercised the option under Rule 50(c)[1] to submit a written statement in lieu of attendance at the hearing. On December 8, 2009, respondent filed a Motion to Dismiss for Lack of Prosecution. On December 15, 2009, petitioner filed an Opposition to Respondent's Motion to Dismiss For Lack of Prosecution (LOP Opposition).
Motion to Dismiss for Lack of Prosecution. The Court may dismiss a case for lack of prosecution and enter a decision against the taxpayer if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim. Rules 149(a) and 123 (b); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).
Petitioner failed to appear at the December 7, 2009 Trial Session, at which his case was calendared for trial and a hearing on respondent's Motion for Summary Judgment was scheduled. As noted, petitioner submitted a statement in lieu of attendance at the hearing pursuant to Rule 50(c), *56 but Rule 50(c) provides no justification for a failure to appear for trial. See De Haas v. Commissioner, T.C. Memo 2009-25, affd. without published opinion 107 A.F.T.R.2d 2011-1156 (9th Cir. 2011); Klootwyk v. Commissioner, T.C. Memo 2008-214, affd. without published opinion 107 A.F.T.R.2d 2011-1155 (9th Cir. 2011). However, petitioner's LOP Opposition makes clear that petitioner was confused about his obligation to be present and ready for trial in the event the Court denied respondent's Motion for Summary Judgment, in whole or in part.[2] In view of petitioner's pro se status, the Court will exercise discretion and not dismiss this case on account of petitioner's failure to appear for trial.
Motion for Summary Judgment--Overview. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter *57 of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova v. Commissioner, 87 T.C. 214, 217 (1986).
This case arises as a result of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) issued on January 16, 2008. The Notice of Determination upheld respondent's filing of a Notice of Federal Tax Lien covering unpaid income tax liabilities for petitioner's 1994, 1995, 1996, 1998, 1999, 2000, 2001, 2002, and 2003 taxable years. On December 29, 2008, shortly after this Court released its opinion in Hoyle v. Commissioner, 131 T.C. 197, 131 T.C. No. 13 (2008), respondent filed a *58 Motion for Remand. Therein, respondent contended that the Notice of Determination did not make clear the matters on which the Appeals officer relied when he determined that notices of deficiency had been sent to petitioner. The Court granted respondent's Motion for Remand in order to allow respondent's Appeals Office to supplement the Notice of Determination and ordered respondent to offer petitioner an administrative hearing. Respondent's Appeals Office conducted a face-to-face hearing with petitioner, and respondent then issued a Supplemental Notice of Determination on June 24, 2009, which also sustained respondent's filing of the Notice of Federal Tax Lien.
When the Secretary files a notice of Federal tax lien with respect to a taxpayer's assessed income tax liability, the Secretary shall furnish the taxpayer with written notice of the filing of a notice of lien and of the taxpayer's right to a hearing concerning the lien. Sec. 6320(a) (1), (3). If a hearing is timely requested, the taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the proposed lien, including offers of collection alternatives. Sec. 6330(c) (2) (A). The taxpayer may also challenge *59 the existence or amount of the underlying tax liability at the hearing if he did not receive a notice of deficiency for such liability or did not otherwise have an opportunity to dispute it. Sec. 6330(c) (2) (B). At the conclusion of the hearing, the Appeals employee must determine whether and how to proceed with collection and shall take into account (i) the verification that the requirements of any applicable law or administrative procedure have been met; (ii) the relevant issues raised by the taxpayer; and (iii) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c) (3).
Where the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review issues not relating to the underlying tax liability for abuse of discretion. Id. at 182. This Court will generally not review issues not raised by the taxpayer at the Appeals hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). However, the Court will review whether the Appeals Office verified *60 compliance with applicable law or administrative procedure regardless of whether the taxpayer raised the issue at the hearing. Hoyle v. Commissioner, supra, 131 T.C. at 199. When the Court remands a case to respondent's Appeals Office, the further hearing is a supplement to the taxpayer's original hearing, not a new hearing. Kelby v. Commissioner, 130 T.C. 79, 86 (2008). The position of the Commissioner that the Court reviews is the position taken in the last supplemental determination. Id.
Respondent argues that he is entitled to summary judgment because no genuine issue of material fact exists, and a decision may be entered in his favor as a matter of law, concerning (i) whether petitioner was precluded under section 6330(c) (2) (B) from challenging the underlying tax liabilities for each of the years covered by the Notice of Determination that forms the basis of this case, (ii) that the requirements of any applicable law or administrative procedure were met with respect to the collection action, (iii) whether respondent properly determined that the collection action balanced the need for the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive *61 than necessary, and (iv) whether the Appeals officer abused his discretion in denying petitioner any collection alternatives.[3]
--Underlying Tax Liabilities. We agree with respondent that no genuine issues of material fact exist concerning whether petitioner was precluded from challenging the existence or amount of his underlying liabilities.
A taxpayer may raise at the hearing challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency for, or did not otherwise have an opportunity to dispute, the liability. Sec. 6330(c) (2) (B); see also sec. 6320(c). The preclusion of a challenge to the underlying liability pursuant to section 6330(c) (2) (B) *62 generally requires actual receipt of the notice of deficiency by the taxpayer. Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007); Conn v. Commissioner, T.C. Memo 2008-186.
Respondent attached to his Motion for Summary Judgment the file copies of notices of deficiency for petitioner's 1994-1996 and 1998-2003 taxable years. In his SJ Opposition, petitioner does not deny receiving notices of deficiency covering these years, but instead denies receiving valid or legally sufficient notices of deficiency.[4] *63 Petitioner's contentions concerning the validity of the notices of deficiency present a purely legal issue, which is easily resolved. The purpose of a notice of deficiency "is only to advise the person who is to pay that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). Generally, the notice must indicate that a deficiency has been determined and identify the taxpayer, the taxable year involved, and the amount of the deficiency. See Estate of Yaeger v. Commissioner, 889 F.2d 29, 35 (2d Cir. 1989). Mistakes in the content of the notice are negligible if they do not frustrate its purpose. Olsen v. Helvering, supra at 651. The test for determining whether the notice's purpose was accomplished is *64 whether the taxpayer reasonably knew or should have known that the deficiency notice was directed to the taxpayer, that a deficiency determination was made, the taxable year involved, and the amount of the deficiency. Estate of Yaeger v. Commissioner, supra at 35. The notices of deficiency issued to petitioner for the years at issue and proffered by respondent satisfy the foregoing standards.[5] The notices advised petitioner that the deficiencies had been determined against him, as well as the amounts of the deficiencies and the taxable years involved.[6] *65 Consequently, respondent is entitled to a decision as a matter of law that petitioner is precluded under section 6330(c) (2) (B) from challenging the underlying tax liabilities for the years at issue.
--Verification requirement. As recorded in the Supplemental Notice of Determination, the Appeals officer verified that the requirements of applicable law and administrative procedure had been met. The Appeals officer, using computer records, certified mail lists, and copies of the notices of deficiency, verified that petitioner failed to file income tax returns for all of the years at issue, that substitute returns were prepared for these years, and that statutory notices of deficiency for these years were mailed to petitioner. Petitioner's arguments to the contrary, including arguments that respondent does not have statutory authority to prepare substitute returns, that the person whose signature appears on the substitute returns does not exist, and other similar frivolous arguments, are meritless. *66 We thus conclude that no genuine issue of material fact remains and respondent is entitled to a decision as a matter of law that the Appeals officer satisfied the verification requirement of section 6330(c) (1).
--Collection alternatives. Respondent further contends that the Appeals officer did not abuse his discretion in denying petitioner any collection alternatives because (i) petitioner did not offer any collection alternatives during his hearing and (ii) petitioner was not in any event eligible for collection alternatives at the time of the hearing because petitioner had not filed all required tax returns and had a history of noncompliance with his return filing and tax obligations.
We first consider respondent's contention that petitioner was ineligible to have a collection alternative considered. On the basis of the undisputed evidence in the record, we conclude that respondent is entitled to summary judgment in his favor on this issue. The failure to file required returns is a valid basis for an Appeals officer's rejection of a collection alternative. See Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004); Nelson v. Commissioner, T.C. Memo 2009-108; *67 Pavlica v. Commissioner, T.C. Memo 2007-163; Rodriguez v. Commissioner, T.C. Memo 2003-153; Londono v. Commissioner, T.C. Memo 2003-99; McCorkle v. Commissioner, T.C. Memo 2003-34. The record discloses that petitioner failed to file Federal income tax returns for 1994, 1995, 1996, 1998, 1999, 2000, 2001, 2002, and 2003. Respondent instead filed substitutes for returns pursuant to section 6020(b) for these years. In the Supplemental Notice of Determination, respondent's Appeals officer determined that petitioner had also not filed returns for 2004, 2005, 2006, 2007, and 2008. Petitioner did not claim otherwise. Moreover, the record reveals that the Appeals officer made repeated written requests that petitioner file such returns in connection with his hearing in order to be eligible for collection alternatives. Such requests were made on June 5, 2007, August 23, 2007, and April 8, 2009, but no returns had been filed as of the conclusion of the hearing on remand. Under these circumstances, it was not an abuse of discretion for the Appeals officer to conclude that petitioner was not eligible for a collection alternative. Accordingly, respondent is entitled to a decision in his favor *68 that the Appeals officer's failure to grant petitioner a collection alternative was not an abuse of discretion.
With respect to respondent's other argument that petitioner in fact failed to offer any collection alternatives at his hearing, even if one accepts respondent's version of the facts, we do not believe petitioner's failure to offer a collection alternative at the hearing provides a basis for summary judgment. According to the Supplemental Notice of Determination, petitioner sought the Appeals officer's concurrence that petitioner could postpone offering collection alternatives until after he had received a determination from the Court concerning the underlying tax liabilities. The Appeals officer advised petitioner that whether the Court would remand the case to the Appeals Office for consideration of collection alternatives after the Court's consideration of the underlying tax liabilities was "at the discretion of the court". Since the Appeals officer's equivocal response may have induced petitioner to postpone offering collection alternatives at the hearing on remand, petitioner's failure to do so provides no basis for summary judgment in respondent's favor. However, because *69 the Appeals officer properly concluded that petitioner was ineligible for a collection alternative, any errors arising as a result of the Appeals officer's possible indication that petitioner was eligible for a collection alternative or his possible inducement to petitioner to postpone offering alternatives were harmless. Accordingly the circumstances surrounding petitioner's failure to offer a collection alternative are no bar to summary judgment.
--Balancing of interests and other issues. Respondent contends that the Appeals officer properly determined that the collection action balanced the need for the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary. In light of petitioner's extensive history of noncompliance with his Federal income tax obligations, which is undisputed, the Appeals officer did not abuse his discretion in so determining. Respondent is accordingly entitled to summary judgment in his favor on this issue.
Respondent contends that the only other issues petitioner raised were those resolved by virtue of the remand of this case to respondent's Appeals Office. Petitioner does not contend otherwise in *70 his SJ Opposition, and we therefore conclude that petitioner did not raise any other relevant issue in connection with his hearing.
On the basis of the foregoing, it is
ORDERED that respondent's Motion to Dismiss for Lack of Prosecution, filed December 8, 2009, is denied. It is further
ORDERED that respondent's Motion for Summary Judgment, filed September 15, 2009, as supplemented, is granted. It is further
ORDERED that the Decision entered in this case, on March 15, 2010, is vacated. It is further
ORDERED AND DECIDED that respondent may proceed with the collection action for the taxable years 1994, 1995, 1996, 1998, 1999, 2000, 2001, 2002, and 2003 as determined in the notice of determination, dated January 16, 2008, and the supplemental notice of determination, dated June 24, 2009, upon which this case is based.
/s/ Joseph H. Gale
Judge
ENTERED: JUL 08 2011
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended.↩
2. Petitioner's assertions in the LOP Opposition to the effect that a continuance would necessarily follow from any denial of respondent's Motion for Summary Judgment are incorrect.↩
3. Respondent contends, and we agree, that petitioner raised no additional relevant issues.
Respondent also contends, and we agree, that the issues previously raised by petitioner concerning his being offered a face-to-face conference, his audio recording of the conference, and the conduct of the hearing by an impartial Appeals officer were resolved by virtue of the remand of this case to respondent's Appeals Office. Petitioner does not contend otherwise in his SJ Opposition.↩
4. In the SJ Opposition, petitioner variously asserts that he did not receive "lawful and actual" notices of deficiency, that he "alleged any notices he received were fraudulent", that "any written responses by the petitioner to the respondent in the past were always to deny the legitimacy of ANY letter, document, notice, etc.", and that respondent admits that petitioner denied receiving notices of deficiency during his hearing. Nowhere in the SJ Opposition does petitioner deny, without qualification, receipt of any document purporting to be a notice of deficiency.
The nature of petitioner's denial is further illustrated by his position concerning the notices of deficiency for 1994 and 1995. Petitioner denies receiving valid↩ notices of deficiency for those years, even though the notices are referenced in, and attached to, a March 16, 1998 letter petitioner wrote to respondent and attached to his SJ Opposition. Thus it is clear that when petitioner denies receiving a notice of deficiency, he is merely denying that he has received a notice that satisfies his view of a legally valid notice.
5. Our conclusion is not altered by the fact that petitioner's name on the notice of deficiency for 1995 was spelled "Marciner" rather than "Marcinek". Petitioner could not have been misled by this minor error. See Estate of Yaeger v. Commissioner, 889 F.2d 29, 35↩ (2d Cir. 1989).
6. Petitioner's argument that the absence of a code "TC 494" from his Individual Master Files for 1994 and 1995 indicates that no notices of deficiency were issued for those years is also meritless. As pointed out in Casey v. Commissioner, T.C. Memo 2009-131, there are circumstances in which no code "TC 494" will appear on a taxpayer's Individual Master File even though a notice of deficiency was mailed to him. See also Wiley v. United States, 77 A.F.T.R.2d 640, 96-1 USTC par. 50,089 (S.D. Ohio 1995); Internal Revenue Manual, pt. 2.4.35↩.1(4) (Jan. 1, 2009).