**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3666
_____

THOMAS J. MARCINEK,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,
                                        Appellee

_____

On Appeal from the United States Tax Court
(Tax Court Action No. 003775-08 L)
Tax Court Judge:  Honorable Joseph H. Gale

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

March 15, 2012

Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed:  March 16, 2012)
_____

OPINION
_____

PER CURIAM

        Thomas Marcinek, proceeding pro se, appeals a United States Tax Court decision

granting summary judgment in favor of the Internal Revenue Service (IRS), the effect of

which was to allow the IRS to proceed with a collection action against him.  We will

affirm.

As the parties are familiar with the history of this case, and as the arguments raised on appeal lack merit, our discussion will be brief.[1] We have jurisdiction under 26 U.S.C. § 7482(a)(1) and conduct plenary review of the Tax Court's order granting the IRS's summary judgment motion, viewing the evidence in the light most favorable to Marcinek. Hartmann v. Comm'r, 638 F.3d 248, 249 (3d Cir. 2011) (per curiam); Nestle Purina Petcare Co. v. Comm'r, 594 F.3d 968, 970 (8th Cir. 2010). Factual findings are reviewed for clear error. Estate of Thompson v. Comm'r, 382 F.3d 367, 374 n.12 (3d Cir. 2004). While we are under an obligation to liberally construe the submissions of a pro se litigant, see Wheeler v. Comm'r, 528 F.3d 773, 781 (10th Cir. 2008), issues not briefed on appeal—even by parties proceeding pro se—are deemed waived or abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Marcinek argues first that the agency abused its discretion in trying to deprive him of certain rights during a two-year period, such as his right to a face-to-face hearing and his right to make an audio recording of the proceedings. The IRS rejects Marcinek's narrative of events. Even if Marcinek's story were true, however, the delay would not entitle him to any independent relief. As Marcinek concedes, the IRS (eventually) granted his requests, and Marcinek does not explain how he was prejudiced by any delay.

Second, Marcinek challenges the validity of the Notices of Deficiency that were

---

[1] Our previous opinion in this matter arose out of near-identical circumstances. See generally Marcinek v. Comm'r, 422 F. App'x 132 (3d Cir. 2011).

sent in response to his failure to file returns for a number of years. For example, he claims that the Notices were faulty because they were not signed. He does not argue that he failed to receive the Notices, nor does he contest the information contained in them.[2] Marcinek also attacks the procedures used in the preparation of substitutes for returns, and cites passages from various training manuals that purportedly show procedural deficiencies in his case.

These claims, to which the IRS responded in good faith, are by and large "legal arguments typical of those asserted by 'tax protestors.'" Sauers v. Comm'r, 771 F.2d 64, 66 (3d Cir. 1985). It is well established, for instance, that Notices of Deficiency serve "only to advise the person who is to pay the deficiency that the Commissioner means to assess him." Geiselman v. United States, 961 F.2d 1, 4–5 (1st Cir. 1992) (citing Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937)). The Internal Revenue Code "does not expressly require a notice of deficiency to be signed," Tavano v. Comm'r, 986 F.2d 1389, 1390 (11th Cir. 1993) (per curiam); therefore, "no signature is required to render a deficiency notice valid," Selgas v. Comm'r, 475 F.3d 697, 700 (5th Cir. 2007). Marcinek complains at great length about this state of circumstances, but does not explain how a lack of signatures affected his ability to challenge the truth of the claims against him in Tax Court or elsewhere. Rather, he implies that signatures would allow him to "know to

---

[2] We agree with the Tax Court's interpretation of this matter. Marcinek admitted on various occasions his contemporaneous receipt of documents that he believed to be "fraudulent."

whom a civil lawsuit for the violation of constitutional rights may be addressed" under

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971).  But see Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) ("[A]

Bivens action should not be inferred to permit suits against IRS agents accused of

violating a taxpayer's constitutional rights in the course of making a tax assessment.").

      We need not address Marcinek's remaining claims at length.  Some of them are

included on the IRS's "The Truth About Frivolous Tax Arguments," available at

http://www.irs.gov/pub/irs-utl/friv_tax.pdf.  Others, such as those relating to the identity

and authority of a Mr. Dennis Parizek, are of dubious value in resolving the appeal, and

were in any event addressed to our satisfaction by the Tax Court.  Far from representing

"an unshakable legal position . . . that the IRS is collecting the income tax illegally," Inf.

Br. 23–24, the majority of Marcinek's claims have been rejected by all courts to have

considered them.  We add our voice to that chorus.[3]

---

[3] We have not considered the arguments raised in Marcinek's lengthy
affidavit/manifesto, which he included below but attempted to incorporate into the
record on appeal only by reference to an external source.  His reply brief, which
raises other tax-protestor claims discussed in the IRS resource referenced above the
margin—for example, that the Fifth Amendment is in conflict with tax-filing
requirements, or that the Sixteenth Amendment was intended to be an excise tax—
does not suffice to preserve them for our review; "[a]s a general matter, the courts
of appeals will not consider arguments raised on appeal for the first time in a reply
brief."  Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 204 n.29 (3d Cir.
1990).  In any case, the arguments adopted in those submissions reflect a reliance
on a patchwork of out-of-context quotations from judicial opinions, policy
statements, internal regulations, and the like, demonstrating a misunderstanding of
the well-settled state of the law.  In fact, raising these arguments can be cause for

We have examined the rest of Marcinek's brief and detect no arguments giving cause for disturbing the Tax Court's conclusion, and we will not reach outside of the four corners of the brief to address claims that were not raised.  We will therefore affirm the judgment of the Tax Court.

additional penalties.  See 26 U.S.C. §§ 6702, 6673;  Coleman v. Comm'r, 791 F.2d 68, 69 (7th Cir. 1986) ("The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.").